

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Harry Knox, Chairman
State Board of Control
Austin, Texas

Dear Sir:

Opinion No. O-2944
Re: Effect of Governor's veto
of Sections 2 and 3 of House
Bill 397, Regular Session,
45th Legislature.

Your letter of December 3, 1940, submits to this department the question whether the Governor's veto of Sections 2 and 3 of House Bill 397, Acts, Regular Session, 45th Legislature, was effective to nullify the authority for the location and establishment of the hospital described in such sections.

Sections 2 and 3 of House Bill 397 are as follows:

"Sec. 2. That there shall be constructed, established, and maintained a hospital for the care, treatment, and support of mentally ill persons of this State. It shall be known as the State Hospital; that after the said hospital has been located then the name of the town near which it is located shall be added to the name so as to thereafter read _____ State Hospital. The hospital shall be located at some point east of the ninety-sixth meridian, or within any county through which the ninety-sixth meridian passes, and any place where not less than three hundred (300) acres of good fertile agricultural land can be secured by donation to the State of Texas.

"The Board of Control of the State of Texas shall select a site for said hospital, and the Board, in selecting such site, shall make such selection with a view to its accessibility and

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Harry Knox, Page 2

convenience to the greatest number of inhabitants, the supply of water, building material, fuel, fertility of soil, and healthfulness, and the same shall contain not less than three hundred (300) acres of land as above described. Said Board shall take title to the land so selected by them in the name of the State of Texas for the use and benefit of said hospital; provided, however, that the Attorney General's Department shall first approve the title to the said land so selected by the said Board.

"At the completion of the buildings, and when the said hospital is ready to open, the Board of Control shall appoint a Superintendent and other employees to superintend and carry on the work of such hospital as is now provided by the General Laws of the State of Texas governing such institutions.

"The support and general maintenance of said hospital shall be the same in every respect as is provided for insane hospitals as now provided by law.

"There shall be constructed upon said grounds so selected permanent, suitable, substantial, and fireproof buildings sufficient to accomodate at least five hundred and forty (540) inmates; said buildings to be provided with modern improvements for furnishing water, heat, ventilation, and swwerage; and the Board of Control immediately after this Act goes into effect and after the selection of the site for said hospital, and after the title of said land shall have been approved by the Attorney General, shall advertise for plans and specifications for said buildings and contract for the erection of the same; and shall have the power and authority to do and

Honorable Harry Knox, Page 3

perform all things necessary for carrying out the purpose of this Act. Provided that all buildings authorized by this Act and for which an appropriation is hereby made, shall be of fireproof construction, and that the part of all plans and specifications for the erection of said buildings relating to fire protection shall be subject to the approval of the State Fire Insurance Commission.

"Sec. 3. That there shall be and there is hereby appropriated out of the General Revenues of this State not otherwise appropriated the sum of Eight Hundred and Seventeen Thousand Dollars ($817,000) for the buildings and improvements and the expenses incurred in securing the lands for the site, providing that no money herein appropriated shall be expended for the payment of the lands selected for the site.

"The total appropriation as heretofore set out shall be allocated as follows:

| | | |
|---|---|---:|
| "Item 1 | Ward Building and equipment | $ 115,000.00 |
| Item 2 | Ward building and equipment | 115,000.00 |
| Item 3 | Psychopathic building and equipment | 127,000.00 |
| Item 4 | General hospital-clinic building and equipment | 75,000.00 |
| Item 5 | Administration building and equipment | 100,000.00 |
| Item 6 | Employees' quarters and equipment | 60,000.00 |
| Item 7 | Storeroom-warehouse and equipment | 40,000.00 |
| Item 8 | Utility and other buildings, utility and other equipment, roads, sidewalks, furniture, livestock, implements, and contingencies | 185,000.00 |
| | Grand total, proposed new hospital | $ 817,000.00 |

Honorable Harry Knox, Page 4

"In the expenditure of the above itemized amounts, the Board of Control shall have the authority to make proper adjustments in the above set forth items."

The Governor's veto message read as follows:

"I have approved, signed and filed House Bill 397, which consists of two several items of appropriation for the establishment of hospitals for the care of the insane, in so far as Section 1 of said bill appropriated $817,000.00 and authorizes the buildings, improvements and expenses incurred in securing the land for the site of a hospital to be located west of the 100th meridian; and I have disapproved and vetoed that portion of said bill contained in Sections 2 and 3 carrying an appropriation and authority for the buildings and improvements and expenses incurred in securing the land for the site of a hospital to be located east of the 96th meridian, the second appropriation item in said bill.

"In filing this bill with the Secretary of State, pursuant to the Constitution, I appended to same at the time of filing it a statement of the items to which I object; again, pursuant to the Constitution, I am herewith transmitting to the House of Representatives, in which the bill originated, a copy of such statement and the items I objected to. The statement and items objected to follows:

"'My reasons for disapproving and vetoing this item of $817,000.00 carrying with it the authority to build and establish a hospital for the insane to be located east of the 96th meridian, the second appropriation in said bill, are as follows:

"'In my message to the Legislature dated January 25, 1937, I pointed out that the Board

Honorable Harry Knox, Page 5

of Control had recommended the establishment
of a new hospital for the insane in West Texas
to cost approximately $817,000.00. I adopted
this recommendation of the Board, and myself
recommended the establishment of this hospi-
tal. Up to that time no representative of
either west or east Texas had conferred with
me about it. I simply acted upon the recom-
mendation of the Board of Control and their
finding that this hospital was necessary
and desirable.

"'No member of the Legislature, or re-
presentative of East Texas, discussed any
proposed hospital in east Texas until after
an amendment to this effect had been adopted
in the State Senate. When the matter went
into free conference a number of the members
of the Legislature did discuss it with me.
I was advised that the Legislature was un-
willing to appropriate money for two hospi-
tals at this time in view of the depleted
condition of the treasury and the fact no
tax revenues had been raised. An overwhelm-
ing majority felt we did need one hospital
and that this should be established to serve
a vast area in west Texas not being served
at the present time and to relieve conges-
tions in other institutions.

"'I am, myself, of the opinion that we
cannot afford to build two hospitals at this
time. I think one hospital, with the addi-
tions which have been authorized at existing
institutions, are sufficient to meet our
present and early future needs. Many members
of the Legislature voted for the passage of
this bill because it was commonly understood
that I would not approve the building of two
hospitals at this time.'

"For the reasons stated, I have approved
the bill as to an appropriation carrying au-

thority for a hospital west of the 100th
meridian, and disapproved and vetoed the item
and appropriation of $817,000.00 carrying
with it the authority for the establishment
of a hospital east of the 96th meridian."

Article 4, Section 14, of the Constitution of the
State of Texas, provides in part as follows:

". . . If any bill presented to the Gov-
ernor contains several items of appropriation
he may object to one or more of such items,
and approve the other portion of the bill. . . ."

We think it apparent from an examination of Sections
2 and 3 of the bill that the Legislature intended to grant
the authority to construct the hospital only in conjunction
with the appropriation therein made to defray the costs
thereof; that it was not intended to grant a general and continu-
ing authority independent of the appropriation of money. Such
was the construction placed upon Sections 2 and 3 of the bill
by Governor Allred. It follows that the authority to estab-
lish the hospital was but a part of the item of appropriation,
and the Governor's veto was effective to nullify both the
authority and the appropriation.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By        *R W Fairchild*

R. W. Fairchild
Assistant

RWF:GO

APPROVED JAN 30, 1941

ATTORNEY GENERAL OF TEXAS

